This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: April 21, 2025**

**No. S-1-SC-40711**

**INQUIRY CONCERNING A JUDGE**
**JSC Inquiry No. 2024-016**

**IN THE MATTER OF**
**HON. MICHAEL G. RAEL,**
**Questa Municipal Court**

The New Mexico Judicial Standards Commission
Phyllis A. Dominguez
Marcus J. Blais
Albuquerque, NM

for Petitioner

Robles, Rael & Anaya, PC
Luis E. Robles
Albuquerque, NM

for Respondent

### PUBLIC CENSURE

**PER CURIAM.**

**{1}**     This matter came before this Court on December 20, 2024, pursuant to the filing of a petition to accept the *Stipulation Agreement and Consent to Discipline* (*Stipulation*) between the Judicial Standards Commission (Commission) and Hon. Michael G. Rael, a municipal court judge in Questa, New Mexico.

**{2}**     We granted the petition and accepted the terms of the *Stipulation*, including Judge Rael's consent to the issuance of a public censure. We now publish this public censure in the State Bar of New Mexico Bar Bulletin in accordance with our order, the *Stipulation*, and Rule 27-401(A)(4), (B) NMRA.

**I.     BACKGROUND**

**{3}** A complaint against Judge Rael was filed with the Commission. The Commission's initial investigation included an informal conference which allowed Judge Rael to personally discuss the allegations with the Commission. The Commission and Judge Rael entered into the *Stipulation* after that informal conference. As part of the *Stipulation*, Judge Rael admitted committing willful misconduct based on the following facts:

> A.    On or about August 25, 2023, Judge Rael abused the prestige of judicial office when he repeatedly invoked his judicial title while speaking to officers who were investigating a car accident in which he was involved specifically referring to himself as "Judge Rael" and stated to officers that he was the judge in Questa.

> B.    On or about August 25, 2023, Judge Rael failed to follow the law when he admitted to officers investigating the car accident in which he was involved, that he was driving 55 miles per hour in a 45 mile per hour zone.

*Stipulation* at 2.

**{4}** Judge Rael agrees that the above-listed conduct violates the following Rules of the Code of Judicial Conduct: Rule 21-101 NMRA (requiring compliance with the law), Rule 21-102 NMRA (promoting confidence in the judiciary), and Rule 21-103 NMRA (avoiding abuse of the prestige of judicial office). Judge Rael also agrees that the admitted misconduct in office is sufficient for this Court to impose discipline pursuant to Article VI, Section 32 of the New Mexico Constitution. As discipline, Judge Rael agreed to receive a public censure to be published in the State Bar of New Mexico *Bar Bulletin*. For the reasons discussed below, we issue this public censure.

## II.    DISCUSSION

**{5}** Article VI, Section 32 of the New Mexico Constitution creates the Judicial Standards Commission and provides that "any justice, judge or magistrate of any court may be disciplined or removed for willful misconduct in office." We have defined willful misconduct in office as "improper and wrong conduct of a judge acting in his official capacity done intentionally, knowingly, and, generally, in bad faith. It is more than a mere error of judgment or an act of negligence." *In re Locatelli*, 2007-NMSC-029, ¶ 8, 141 N.M. 755, 161 P.3d 252 (internal quotation marks and citation omitted). In imposing discipline, "[t]here need not be clear and convincing evidence to support each and every one of the Commission's evidentiary findings. Rather, we must be satisfied by clear and convincing evidence that there is willful judicial misconduct which merits discipline." *In re Castellano*, 1995-NMSC-007, ¶ 37, 119 N.M. 140, 889 P.2d 175.

**{6}** Judge Rael admitted that the conduct described in the *Stipulation* violated Rules 21-101, 21-102, and 21-103. *Stipulation* at 2. While a violation of the Code of Judicial Conduct alone may not require the imposition of discipline, a violation does provide evidence of misconduct. *Locatelli*, 2007-NMSC-029, ¶¶ 7-8. We agree that the

stipulated facts support the conclusion that Judge Rael willfully violated Rules 21-101, 21-102 and 21-103, and for that reason, he should be formally censured.

**{7}** The preamble to the Code of Judicial Conduct states, "An independent, fair, and impartial judiciary is indispensable to our system of justice." Rule 21-001(A) NMRA. To promote the public's trust and to maintain and enhance confidence in the legal system, "[j]udges should maintain the dignity of judicial office at all times and avoid both impropriety and the appearance of impropriety in their professional and personal lives." Rule 21-001(B). In violating the Code of Judicial Conduct, Judge Rael failed to uphold the dignity of judicial office and behaved in a manner that undermines public confidence in the integrity and professionalism of the judiciary.

**{8}** Rule 21-101 requires a judge to "respect and comply with the law, including the Code of Judicial Conduct." Rule 21-102 requires a judge to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and [to] avoid impropriety and the appearance of impropriety." "Actual improprieties include violations of law, court rules, or provisions of th[e] Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated th[e] Code." *Id.* comm. cmt. 5.

**{9}** Judge Rael's actions violated Rules 21-101 and 21-102. Judge Rael failed to follow the Code's precepts which require him to act at all times in a manner that promotes public confidence in the integrity of the judiciary. *See* Rule 21-001(A), (B). Judge Rael exceeded the posted speed limit on a highway and, when talking with law enforcement, continually referred to himself as holding the position of judge. These actions violated the law and the Code of Judicial Conduct, contrary to Rule 21-101. Additionally, these actions created the appearance of impropriety by suggesting special treatment by law enforcement, contrary to Rule 21-102.

**{10}** Rule 21-103 prohibits judges from "abus[ing] the prestige of judicial office to advance the personal or economic interests of the judge or others." In particular, the Committee Commentary to Rule 21-103 advises that "it would be improper for a judge to allude to his or her judicial status to gain favorable treatment in encounters with traffic officials." Judge Rael thus violated Rule 21-103 when he repeatedly referred to himself as a judge, going so far as to say he was the judge in Questa and that he had held that position for twenty-three years.

**{11}** Judge Rael agrees that these violations erode the public's confidence, reflect negatively on the New Mexico judiciary as a whole and are prejudicial to the effective administration of justice. A public censure is therefore appropriate under the New Mexico Constitution Article VI, Section 32, and the Court's power of superintending control under the New Mexico Constitution Article VI, Section 3. The imposition of judicial discipline protects the public, preserves the public's confidence in the integrity, independence, and impartiality of the judicial system and enforces the standards of conduct established by the Code of Judicial Conduct.

**{12}** Having considered the stipulated facts, violations of the Code of Judicial Conduct, and the accepted *Stipulation*, we hereby publicly censure Judge Rael for willfully violating the established rules and standards that govern every New Mexico judge's conduct. We issue this public censure to ensure the public's confidence in the integrity, impartiality, and independence of the judiciary and to remind all judges that misconduct that erodes the public's confidence will not be tolerated.

**{13}** For the foregoing reasons, Hon. Michael G. Rael is hereby publicly censured for willful misconduct as set forth fully in the *Stipulation*, which this Court accepted, adopted, and confirmed.

**{14}  IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**